UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE NUVARING PRODUCTS | ) | 4:08MD1964 RWS |
| LIABILITY LITIGATION | ) | |
| | ) | ALL CASES |

### MEMORANDUM AND ORDER

This multidistrict litigation action consists of more than 223 individual lawsuits consolidated for coordinated pretrial litigation. Additional cases are being transferred to this Court on an ongoing basis. Approximately 90 other similar cases are being litigated in several state courts including more than 85 cases in New Jersey state court.

After filing answers in the majority of cases transferred to this multidistrict litigation action Defendants (Organon) filed a motion to require Plaintiffs to file a master consolidated complaint.[1] Plaintiffs initially objected to the motion but eventually consented to file a master complaint. On November 7, 2008, I granted Organon's motion noting it was by consent. Plaintiffs filed a master consolidated complaint on February 6, 2009.

On March 31, 2009, Organon filed a motion to dismiss the master consolidated complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Organon asserted that the complaint lacked the specificity to state viable claims under the standard set by Bell Atlantic v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)("To survive a motion to

---

[1] To illustrate the timing of this motion in relation to when the suits giving rise to this MDL were initiated I note that Organon filed its motion requesting a master complaint on November 3, 2008, *more than 14 months* after it was served with process and *more than a year* after it filed its answer in the first Nuvaring case filed in this district, Jenn v. Organon, 4:07CV1282 RWS. Organon filed its motion for a judgment on the pleadings in the Jenn case on November 12, 2009.

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [citation omitted] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Because neither Plaintiffs nor I intended the master complaint to be subject to pleadings challenges (based predominately on Organon's history of answering all of the individual complaints filed to that date) I denied Organon's motion to dismiss and subsequently vacated my order granting Organon's motion to require Plaintiffs to file a master complaint.

In response, Organon has filed, and continues to file, motions for a judgment on the pleadings (in cases in which they have already filed an answer which is most of the cases in this action) and motions to dismiss (in the newer cases in lieu of an answer). Through these motions Organon continues to challenge the sufficiency of the pleadings under Twombly and Iqbal, as well as the pleading requirements of individual claims under state law.[2]

The primary purpose behind assigning multidistrict litigation to a transferee court is to promote efficiency through the coordination of discovery. See In re Orthopedic Bone Screw Products Liability Litigation, 1997 WL 109595, at *2 ( E.D. Pa. Mar. 7, 1997)(citing A Look at the Judicial Panel on Multidistrict Litigation, 72 F.R.D. 211, 211-13 (1976)). The Panel on Multidistrict Litigation created this centralized action based on the shared allegations in the individual complaints relating to the manufacture, sale, and safety profile of NuvaRing. See

---

[2] I note that at a status conference on November 5, 2009, Defendants' counsel stated that they have not filed similar motions to dismiss in the state court cases. When I asked why these motions had not been filed in the 85 cases pending in New Jersey state court, counsel replied that New Jersey used a "notice pleading" standard. I reminded counsel that the federal courts also use that standard.

Initial Transfer Order [Doc. # 1]. These core claims are based on similar products liability causes of action asserted in all the individual complaints including failure to adequately warn claims and design defect claims.

Instead of devoting its energy to promoting the efficient coordination of discovery, Organon has decided, through motion practice, to request that I review all 223 (and counting) individual complaints and rule on whether each claim in each complaint comports with federal and state pleading requirements. Organon minimally concedes in its papers that some products liability claims will most likely survive dismissal (see Defs.' Op. to Doc. No. 430 at 9 and 13) but seeks to excise what it deems to be "junk claims and meritless allegations" from each complaint.[3] This approach would require the parties to brief and this Court to review each complaint and each motion to dismiss[4] and apply the particular laws of numerous states to test the sufficiency of each challenged claim.[5] Not only would each state's substantive laws pertaining to particular claims need to be reviewed but each state's conflicts of law rules would need to be analyzed.

Like other MDL judges before me, I find such case-specific rulings "are neither the

---

[3] As an illustration Organon speculates that Plaintiffs' claims for fraud and manufacturing defect cannot be "salvaged" through amended pleadings which may or may not be true. (Defs.' Op. to Doc. No. 430 at 9) But the ultimate determination of these challenged claims necessarily sidetracks the parties and the Court from the main goal of this MDL proceeding which is the expeditious and efficient discovery over the claims which are clearly properly pleaded.

[4] Organon has represented that its numerous motions to dismiss are not duplicative but rather are carefully tailored to address its perceived shortcomings of each individual complaint.

[5] A review of each complaint and each challenged claim would be the ultimate process of ruling on Organon's motions to dismiss despite Organon's proposal that classes of claims in a state or jurisdiction can be grouped for initial analysis. Additional rounds of dismissal motions can be foreseen challenging any complaints that are amended.

purpose, nor the forte, of a court presiding over a multi-district litigation. A MDL seeks to promote judicial economy and litigant efficiency by allowing the transferee court to preside over matters common among all cases. [] Given this function, the transferee court typically does not rule on cumbersome, case-specific legal issues." In re Phenylpropanolamine Products Liability Litigation, 2004 WL 2034587, at *2 (W.D. Wash. Sept. 3, 2004). See also In re Orthopedic Bone Screw Prods., 1997 WL at 2-3 (E.D.Pa.1997) (finding that adjudication of summary judgment motions pertaining to state law claims would slow down the MDL process, thereby deferring state law dispositive motions to the transferor courts). While I appreciate Organon's desire to clean-up the pleadings in the individual cases this is not the roll of an MDL court.

As to Organon's challenges to core product liability claims that formed the basis of this MDL I agree with Organon's tentative concession that they survive dismissal. I have reviewed dozens of individual complaints and, without ruling on the motions to dismiss, it appears to me that they state, at a bare minimum, plausible warning and design products liability claims under the Twombly and Iqbal standard. So the doors of discovery have been unlocked.

From a practical perspective, a delay in reaching Organon's motions to dismiss will not effect the discovery process in this matter. I questioned Organon's counsel at the November 5, 2009 conference about how discovery would be impacted if a ruling on the motions to dismiss / for judgment on the pleadings was deferred to a later date. Counsel did not offer any specific examples on how discovery would be effected. Similarly, Organon's Opposition brief does not identify specific discovery that would be avoided or limited a ruling on its 223 motions.

Moreover, the same claims challenged in this MDL litigation are also asserted in the Illinois and New Jersey state court litigation. Organon will still be subject to discovery on such

claims even if they were ultimately eliminated from the pleadings in this Court. As a result, the deferral of a ruling on Organon's motions to dismiss will not impact the scope of discovery to which Organon must respond.

After careful consideration I conclude that Organon's pending and future motions challenging the pleadings of individual cases should be denied without prejudice. These challenges may be reasserted after remand to the transferor courts or may be collaterally addressed in a summary judgment motion after the close of discovery in this proceeding.

Accordingly,

**IT IS HEREBY ORDERED that** all of Defendants' motions to dismiss and motions for a judgment on the pleadings filed in individual cases are **DENIED** without prejudice. In addition, Defendants' future challenges on the same grounds to the pleadings of new cases transferred to this MDL will also be summarily denied without prejudice.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of December, 2009.